IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Moncrief,                :

        Petitioner            :        Civil Action 2:10-cv-00117

 v.                                   :        Judge Holschuh

Warren, Warren Correctional          :        Magistrate Judge Abel
Institution,
                                     :
        Respondent

# ORDER

Petitioner Christopher Moncrief, an Ohio prisoner, brings this action under 28 U.S.C. § 2254 challenging his criminal conviction in the Franklin County Common Pleas Court for murder with a three year gun specification. This matter is before the Magistrate Judge on petitioner's February 16, 2010 motion to stay this federal habeas corpus lawsuit while he pursues motions to withdraw his guilty pleas and for a new trial in the Ohio courts (doc. 4).

After eight days of trial, Moncrief pleaded guilty to the reduced charge of murder with a three year gun specification. An aggravated robbery charge was dismissed. On June 8, 2006, the trial court sentenced Moncrief to fifteen years to life imprisonment and a consecutive three year sentence for the gun specification. Moncrief did not appeal the judgment and sentence.

On June 27 and again on July 26, 2006, Moncrief sent letters to the Common Pleas Court asking to withdraw his guilty plea. On October 24, 2006, the trial judge denied

Moncrief's request to withdraw his guilty plea.

Earlier, on September 14, 2006, Moncrief filed a notice of appeal and motion for leave to appeal to the Ohio Court of Appeals for the Tenth District. On January 25, 2007, the Court of Appeals denied the motion for leave to appeal.

On January 7, 2007, Moncrief filed a petition for postconviction relief in the trial court alleging that he was denied the effective assistance of counsel, denied counsel of his choice, and was coerced into pleading guilty. On March 5, 2007, Moncrief filed another motion to withdraw his guilty plea in the trial court. On January 25, 2008, the trial court denied the postconviction petition and the motion to withdraw his guilty plea.

On February 28, 2008, petitioner filed a timely notice of appeal from the Common Pleas Court's decision. On September 11, 2008, the Court of Appeals affirmed the trial court's decision. Moncrief filed a timely appeal to the Supreme Court of Ohio. On February 4, 2009, that Court denied petitioner leave to appeal.

On June 27, 2007, Moncrief filed a second delayed appeal from the June 6, 2006 sentence and judgment entry. On August 30, 2007, the Court of Appeals denied the second motion for delayed appeal. Moncrief filed a timely appeal to the Supreme Court of Ohio. On January 23, 2008, the Supreme Court denied him leave to appeal.

On December 16, 2008, Moncrief filed a motion for new trial and a third motion to withdraw his guilty plea. On January 7, 2010, the Common Pleas Court denied the motion for a new trial. On February 1, 2010, Moncrief appealed that decision.

Petitioner Moncrief's federal habeas corpus petition alleges two grounds for

relief:

>**GROUND ONE:** Petitioner was denied due process right to fair trial. **Supporting Facts**: The trial court converted a direct attack into a collateral attack where the direct attack is properly filed under proper case numbers pursuant to a specific rule of court in violation of petitioner's 14th Amendment rights under the United States Constitution.
>
>**GROUND TWO:** Petitioner was denied effective assistance of counsel. **Supporting Facts:** The trial court erred when it denied petitioner's motion to withdraw guilty plea in violation of petitioner's 6th and 14th Amendment rights under the United States Constitution.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") advances the states' significant interest in the finality of criminal convictions.  Stays undermine finality and the  AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Stays should be used sparingly.  They should not be granted when the unexhausted grounds are plainly meritless. 544 U.S. at 278.  Further, before a court can stay a habeas corpus action, the petitioner must demonstrate good cause for having failed to exhaust his state court remedies.  *Id.*  Nonetheless,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner en-gaged in intentionally dilatory litigation tactics.

*Id.*; *see also Griffin v. Rogers,* 399 F.3d 626, 632-33 (6th Cir. 2005)(citations omitted); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  A stay must be time limited, and the petitioner has the obligation to promptly present his unexhausted claims to the state courts

and to promptly return to federal court once he has exhausted his state court remedies. 544 U.S. at 278; *Palmer v. Carlton,* 276 F.3d at 781.

Petitioner has been attempting to withdraw his guilty plea ever since his June 27, 2006 letter seeking to withdraw the guilty plea he made 19 days before. He has had ample opportunity to present his constitutional arguments to the Ohio courts. They have repeatedly rejected those arguments. Petitioner has failed to explain why his repeated motions attacking his guilty plea should be the basis for a stay. He does not point to any new arguments not previously presented because they were then unavailable to him. The State's interest in the finality of its criminal adjudications is controlling here. Accordingly, petitioner's February 16, 2010 motion to stay this federal habeas corpus lawsuit while he pursues motions to withdraw his guilty pleas and for a new trial in the Ohio courts (doc. 4) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge