IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Moncrief,                          :

               Petitioner                 :      Civil Action 2:10-cv-00117

      v.                                   :      Judge Economus

Wanza Jackson, Warden,                        :      Magistrate Judge Abel

            Respondent                :

**REPORT AND RECOMMENDATION**

Petitioner Christopher Moncrief, a state prisoner, brings this action for a writ of
habeas corpus under the provisions of 28 U.S.C. §2254.

**I.      Background and Procedural History**

The September 2004 term of the Franklin County grand jury issued an indictment
charging Moncrief with one count of aggravated murder in violation of Ohio Revised
Code § 2903.01, with a firearm specification, and one count of aggravated robbery in
violation of Ohio Revised Code § 2911.01. Moncrief entered a plea of not guilty.

On May 26, 2006, the trial began. Eight days into the trial, Moncrief, through
counsel, withdrew his plea of not guilty and entered an agreed plea of guilty to the
lesser included offense of murder with a three-year gun specification. The aggravated
robbery charge was nolled. On June 8, 2006, the trial court sentenced Moncrief to fifteen
years to life imprisonment along with a consecutive three year sentence for the gun

specification, for a total sentence of eighteen years to life. Petitioner did not file a timely appeal from the judgment of conviction.

On June 27, 2006 and July 24, 2006, Moncrief filed letters with the common pleas court seeking to withdraw his guilty plea. On October 24, 2006, the trial court denied petitioner's motions to withdraw his guilty plea. On September 14, 2006, Moncrief filed a notice of appeal and a motion for leave to appeal, which were denied by the appellate court on January 25, 2007. Moncrief did not appeal this decision to the Ohio Supreme Court.

On January 4, 2007, Moncrief filed a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21(A)(1)(2) in the Franklin County Common Pleas Court asserting that he was denied the effective assistance of counsel because he was denied his counsel of choice and was coerced into entering a guilty plea. On March 5, 2007, Moncrief filed a second motion to withdraw his guilty plea arguing that his plea was not made knowingly, intelligently, or voluntarily. On January 25, 2008, the trial court denied his petition for post-conviction relief and his motion to withdraw his guilty plea. On February 25, 2008, Moncrief filed a notice of appeal.  On September 11, 2008, the appellate court affirmed the judgment of the trial court. On October 27, 2008, petitioner filed a timely motion for leave to appeal to the Ohio Supreme Court, which was denied on the ground that the appeal did not involve any substantial constitutional question.

On June 27, 2007, Moncrief filed a second motion for leave to file a delayed appeal regarding his conviction. The motion was denied on the basis that it was barred

by the doctrine of *res judicata*. On October 10, 2007, Moncrief filed a notice of appeal with the Ohio Supreme Court, which declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question.

On December 16, 2008 Moncrief filed a motion for a new trial and a third motion to withdraw his guilty plea. His motions were denied. Moncrief filed an appeal, which remains pending.

On February 16, 2010, Moncrief filed a petition for writ of habeas corpus. The petition alleges that he is held in the custody of respondent in violation of the Constitution of the United States in that he was denied his due process rights to a fair trial because the trial court converted a direct attack into a collateral attack and that he was denied the effective assistance of counsel because the trial court erred when it denied his motion to withdraw his guilty plea.

II.     **Arguments of the Parties**

A.     **Respondent**

Respondent argues that Moncrief's assertion that the state trial court erred when it considered his second motion to withdraw his guilty plea as a petition for post-conviction relief is not cognizable under federal habeas corpus law. Respondent maintains that there must be constitutional errors that were material to the outcome of the case and that resulted in a denial of fundamental fairness to the petitioner. Respondent contains that Moncrief's claims involve the application of a state statute and procedural rule. As a result, the claims present no federal issue and are beyond the

3

scope of federal habeas review.  Respondent also argues that Moncrief's second motion to withdraw his guilty plea was part of the collateral, post-conviction process, and federal habeas corpus is not available to challenge claims of constitutional deprivations that occurred during state post-conviction or other collateral review proceedings. Respondent also notes that the state appellate court found that the trial court had erred in converting the motion to withdraw a guilty plea into a petition for post-conviction relief, but the error was harmless.

Respondent also argues that Moncrief's claim that he had ineffective assistance of counsel because he was coerced into pleading guilty has been waived for the purposes of federal habeas review. Respondent argues that Moncrief failed to fairly present his habeas claim to the Ohio courts, and, as a result, he must demonstrate cause and prejudice. Respondent maintains that Moncrief has failed to demonstrate cause because he has not shown that an objective factor external to the defense impeded his efforts to comply with the state procedural review. Respondent also maintains that Moncrief failed to demonstrate prejudice because he has failed to show that but for the error he might not have been convicted or that the error undermined the accuracy of guilt. The court is required to consider whether a violation of a constitutional rights has probably resulted in the conviction of a person who is actually innocent. Respondent maintains that Moncrief has provided no evidence of actual evidence or demonstrated that his procedurally defaulted claims should be heard by the court.

4

### B.     Petitioner

On August 9, 2011, petitioner filed a motion for leave to supplement the record.

*See* doc. 17. Petitioner submitted a copy of a newspaper article concerning his attorney's

conduct in a different case to demonstrate his attorney's propensity to break the law.

### III.     Discussion

Respondent concedes that the petition was timely filed.

Due process violation. The petition states that Moncrief was denied his due

process rights concerning his right to a fair trial because:

> The trial court converted a direct attack into a collateral attack where the
> direct attack is properly filed under proper case numbers pursuant to a
> specific rule of court in violation of petitioner's 14th Amendment rights
> under the United States Constitution.

Doc. 3 at 5. Petitioner's objections to the trial court's alleged errors of state law are

errors for which "federal habeas corpus relief does not lie." *Estelle v. McGuire*, 502 U.S.

62, 67, 112 (1991). To be cognizable in federal habeas corpus, there must be

constitutional errors that were material to the outcome of the case and resulted in a

denial of fundamental fairness to the petitioner. *Jameson v. Wainwright*, 719 F.2d 959 (6th

Cir. 1983). As a result, petitioner's first ground for relief is without merit.

Ineffective assistance of counsel. The petition also asserts Moncrief was denied

the effective assistance of counsel because:

> The trial court erred when it denied petitioner's motion to withdraw
> guilty plea in violation of petitioner's 6th and 14th Amendment rights
> under the United States Constitution. Petitioner was coerced into guilty
> plea by counsel and threatened by counsel.

Doc. 3 at 7.

Respondent maintains that this claim is procedurally barred. The Common Pleas Court did hold that the claim was barred by *res judicata*. However, the Court of Appeals did not rule on whether the claim was barred by *res judicata*. Instead, it went directly to a consideration of the merits of the ineffective assistance of counsel. Consequently, I will also address the merits of the claim.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884. The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

A court's evaluation of whether a petitioner is entitled to federal habeas relief is governed by an amendment to 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The statute further states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).

With respect to petitioner's claim that he was denied the effective assistance of counsel, the court of appeals stated:

> {¶17} Finally, appellant contends in his third assignment of error that the trial court erred when it rejected his claims of ineffective assistance of counsel. Appellant claims his counsel was ineffective for coercing him to plead guilty and for failing to delete the death penalty specification from the charge of aggravated murder in his original indictment. The trial court rejected these arguments based on res judicata.

{¶18} Even if appellant's claims were not barred by res judicata, they fail on the merits. *See State v. Crangle* (July 8, 1998), Summit App. No. 18670 (affirming dismissal of postconviction relief petition). In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *accord State v. Bradley* (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland* at 690.

{¶19} If appellant successfully proves that counsel's assistance was deficient, the second prong of the *Strickland* test requires appellant to prove prejudice in order to prevail. *Id*. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." *Id*. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

{¶20} In analyzing the first prong of *Strickland*, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Id*. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*., citing *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158.

{¶21} Appellant claims that trial counsel was ineffective for failing to have the death penalty specifications deleted from his indictment. We disagree. As we previously noted, the fact that the death penalty specification was not deleted from the indictment is irrelevant because appellant pled guilty to a lesser included offense of murder that did not include a death penalty specification.

{¶22} Appellant also claims that trial counsel was ineffective by coercing him into entering his guilty plea. As we have already noted, appellant's only evidence of coercion is a statement in his own self-serving affidavit. Such evidence is insufficient to support a claim of ineffective assistance of counsel. *State v. Gotel*, Lake App. No. 2006-L-015, 2007-Ohio-888, at ¶12, quoting *State v. Malesky* (Aug. 27, 1992), Cuyahoga App. No. 61290 ("'A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel * * *.'"); *State v. Atkinson*, Medina App. No. 05CA0079-M, 2006-Ohio-5806, at ¶19.

{¶23} Additionally, appellant's affidavit contradicts the acknowledgments he made in his guilty plea form that he was not coerced in any way to enter a guilty plea and that he was completely satisfied with his legal representation. *See State v. Dudley* (Dec. 22, 2000), Trumbull App. No. 99-T-0166 (noting that self-serving affidavit that contradicted defendant's own statements is insufficient to demonstrate ineffective assistance of counsel).

{¶24} The trial court properly rejected appellant's claims of ineffective assistance of counsel. Accordingly, appellant's third assignment of error is overruled.

Doc. 10-1 at 125-28.

The transcript of the plea proceedings demonstrates that Moncrief was advised

of his rights and that he decided to plead guilty:

| | |
|---|---|
| The Court: | Mr. Moncrief. |
| The Defendant: | Sir. |
| The Court: | Before the Court can accept your pleas, I must first advise you of your rights, then ask you some questions so I can determine if you pleas are being made voluntarily, knowingly, and with understanding. First of all, sir, do you read and write English? |
| The Defendant: | Yes, sir. |
| The Court: | How old are you? |
| The Defendant: | 28. |
| The Court: | Have you ever been found to be mentally ill or mentally incompetent? |
| The Defendant: | No, sir. |

| | |
|---|---|
| The Court: | Are you currently under the influence of drugs, alcohol, or prescription drugs? |
| The Defendant: | No, sir. |
| The Court: | Sir, as you appear here today – and I'm sure you do since we had just started a trial – you understand that you have the right to have a trial on the original charges in these cases? |
| The Defendant: | Yes, sir. |
| The Court: | And to be represented by an attorney at the trials? |
| The Defendant: | Yes, sir. |
| The Court: | Do you further understand that what we're doing right now is not a trial? |
| The Defendant: | Yes, sir. |
| The Court: | Do you realize that if we were to have a trial, one, you would have the right to have a jury come in, listen to the evidence, and then make a decision of whether you were guilty of anything or not, and you would have the right to have the State be required to brings its witnesses in to present the evidence against you, where Mr. Thomas and Mr. Cicero would have the ability to cross-examine those witnesses? |
| The Defendant: | That's correct. |
| The Court: | You would have the right to have witnesses come in and testify for you. If these witnesses did not come in voluntarily, the Court could compel or require them to come in and present their testimony. You would have the right to have the State be required to present sufficient or enough evidence to establish or prove your guilt beyond a reasonable doubt before you could be found guilty of anything. You could not be forced to testify. You could if you wanted to, but prior to doing so, hopefully you would consult with your attorneys and then make the decision that was best for you. Finally, sir, if we held a trial in this case or these cases and you were found guilty, then you felt something was wrong about the way the trials were conducted or decision made by the Court during the course of the trials, you could appeal that to the Court of Appeals of this county; but when you waive and give up your right of trial, you also waive and give up your right to appeal those matters that you can only appeal but by having a trial. Sir, do you understand the |

| | rights you have and the rights you are giving up here today? |
| The Defendant: | Yes, sir. |
| . . . | |
| The Court: | . . . Did you sign these forms? |
| The Defendant: | Yes, sir. |
| The Court: | Mr. Thomas and Mr. Cicero go over these forms with you prior to you signing them? |
| The Defendant: | Yes, sir. |
| . . . | |
| The Court: | Sir, has anyone promised you anything or threatened you to cause you to sign these forms pleading guilty to these charges? |
| The Defendant: | No, sir. |

Doc. 12 at 5-10.

Further, as the Court of Appeals held, the self-serving statements in Moncrief's affidavit do not establish that he was coerced into pleading guilty. Petitioner generally alleges that his "counsel used threats to intimidate [him] into pleading guilty." Respondent's May 10, 2010 Answer/Return of Writ, Doc. 10, Ex. 20, PAGEID #: 204. The only specific alleged coercive action by his attorney is that he threatened him "by saying that, if he plead guilty, and then changed his mind the next day, then, he and defendant would have to fight, because, defendant would be making him look bad." *Id.,* Ex. 15, PAGEID ##: 166 and 175. That statement was not coercive. It merely advised Moncrief that a guilty plea is a serious act, admitting guilt, and that he should not enter a plea of guilty with the thought that he could change his mind the next day.

The appellate court determined that the evidence introduced by petitioner to demonstrate that his trial counsel was ineffective was insufficient. It rejected petitioner's

self-serving affidavit as insufficient to overcome the statements he made in pleading guilty. Moncrief has not shown that the appellate court's judgment was contrary to or an unreasonable application of clearly established law. 28 U.S.C. § 2254(d) and (e). As a result, the Magistrate Judge RECOMMENDS that petitioner's second ground for relief be DISMISSED.

For the reasons stated above, the Magistrate Judge RECOMMENDS that petitioner Moncrief's February 16, 2010 (doc. 3) be DISMISSED.

If any party objects to this Order, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


                              s/Mark R. Abel
                              United States Magistrate Judge