IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Moncrief,                :

        Petitioner            :        Civil Action 2:10-cv-00117

v.                                   :        Judge Economus

Warren, Warren Correctional          :        Magistrate Judge Abel
Institution,
                                     :
        Respondent

# ORDER

Petitioner Christopher Moncrief, an Ohio prisoner, brings this action under 28 U.S.C. § 2254 challenging his criminal conviction in the Franklin County Common Pleas Court for murder with a three year gun specification. This matter is before the Magistrate Judge on petitioner's March 28, 2012 motion for leave to conduct discovery and to expand the record (doc. 23).

Petitioner seeks leave to serve interrogatories on one of the attorneys who represented him in the state court proceedings. A habeas corpus petitioner is not entitled to discovery as of right. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Under the provisions of Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Court, a petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise."

Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969), quoted in *Bracy v. Gramley*, 117 S.Ct. at 1799; *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004).  When a petitioner fails to make "a fact specific showing of good cause under Rule 6," the court will deny the discovery requests as a mere fishing expedition. *Stanford v. Parker,* above; *Williams v. Bagley*, above. Rule 7, Rules Governing Section 2254 Cases, further limits discovery, allowing only the "addition of records which are relevant to the merits of a habeas corpus petition." Finally, if a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by the Antiterrorism and Effective Death Penalty Act of 1996.  See, 28 U.S.C. § 2254(e)(2)(A)(ii).  *See, Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992) (Requiring a showing of cause for the failure to develop the facts in the state court and the resulting prejudice if the discovery is not permitted in federal court).

Here petitioner has failed to demonstrate good cause that would enable the court to permit him to conduct discovery. Accordingly, petitioner's March 28, 2012 motion for leave to conduct discovery and to expand the record (doc. 23) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part

thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
