**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER MONCRIEF,** <br> **Plaintiff,** <br> v. <br> **WARDEN, WARREN CORRECTIONAL INSTITUTION,** <br> **Defendant.** | **Case No. 2:10-cv-117** <br> **Judge Peter C. Economus** <br> **MEMORANDUM OPINION AND ORDER** |

Petitioner Christopher Moncrief, a state prisoner, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion to reconsider Magistrate Judge Abel's April 9, 2012 Order (Dkt. 26) denying his April 6, 2012 second motion for discovery (Dkt. 25).

As the Magistrate Judge found, Petitioner did not seek leave to take discovery until the petition had been fully briefed and the March 1, 2012 Report and Recommendation that the petition be denied had been filed. After first securing an extension of time to file objections to the Report and Recommendation, Petitioner filed a motion for leave to take discovery on March 28, 2012. A petitioner must demonstrate good cause for discovery. The April 9 Order fairly states the law:

> As previously held in denying the March 28 motion for discovery, a habeas corpus petitioner is not entitled to discovery as of right. *Bracy v. Gramley*, 117 S. Ct. 1793, 1796–97 (1997); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Under the provisions of Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Court, a petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969), quoted in *Bracy v. Gramley*, 117 S. Ct. at 1799; *Williams v. Bagley*, 380 F.3d 932, 974 (6th

> Cir. 2004). When a petitioner fails to make "a fact specific showing of good cause under Rule 6," the court will deny the discovery requests as a mere fishing expedition. *Stanford v. Parker,* above; *Williams v. Bagley*, above. Rule 7, Rules Governing Section 2254 Cases, further limits discovery, allowing only the "addition of records which are relevant to the merits of a habeas corpus petition." Finally, if a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by the Antiterrorism and Effective Death Penalty Act of 1996. See, 28 U.S.C. § 2254(e)(2)(A)(ii). *See, Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992) (Requiring a showing of cause for the failure to develop the facts in the state court and the resulting prejudice if the discovery is not permitted in federal court).

(Dkt. 26 at 475–76.)

Petitioner's motion to reconsider does not explain why he did not seek discovery in his first state court post-conviction proceeding or why he did not seek discovery here until after the adverse ruling in the March 1, 2012 Report and Recommendation. Accordingly, Petitioner's motion to reconsider Magistrate Judge Abel's April 9, 2012 Order (Dkt. 26) denying his April 6, 2012 second motion for discovery (Dkt. 25) is **DENIED**.

**IT IS SO ORDERED.**

        **/s/ Peter C. Economus  -  April 13, 2012**
        **UNITED STATES DISTRICT JUDGE**