**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER MONCRIEF,** | |
| **Plaintiff,** | **Case No. 2:10-cv-117** |
| **v.** | **Judge Peter C. Economus** |
| **WARDEN, WARREN CORRECTIONAL INSTITUTION,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

Petitioner Christopher Moncrief, a state prisoner, filed this action under 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States.  This matter is before the Court on Magistrate Judge Abel's March 1, 2012 Report and Recommendation.  (Dkt. 29.)  On April 19, 2012, Petitioner filed objections to the Report and Recommendation, objecting only as to his second ground for habeas relief, in which he alleges denial of effective assistance of counsel.  (Dkt. 29.)

The state courts rejected Petitioner's argument that he was denied effective assistance of counsel.  For the reasons set forth below, the Court finds that Petitioner has failed to demonstrate that the state courts' determination was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

When he pled guilty, Moncrief stated to the court that he understood the charges against him, understood his constitutional rights, had signed a written guilty plea, and was entering the plea of his own free will.  (Dkt. 12 at 6–10.)  When asked, "[H]as anyone promised you anything

or threatened you to cause you to sign these forms pleading guilty to these charges?", Moncrief responded, "No."  (Dkt. 12 at 10, lines 14–17.)

When Moncrief sought relief in state court, he identified no specific threat or inducement that would have rendered his guilty plea involuntary or coerced.  In a self-serving affidavit, he alleges only that his attorney, Christopher Cicero, "coerced [Moncrief] into not going on with [his] trial" and "threaten[ed] to fight [Moncrief] if [he] decided to plead out, and then changed [his] mind the next day."  (Moncrief Aff. Dec. 14, 2006, Dkt. 10-1 at 47.)  The Magistrate Judge stated in his Report and Recommendation that Attorney Cicero's alleged "statement was not coercive. It merely advised Moncrief that a guilty plea is a serious act, admitting guilt, and that he should not enter a plea of guilty with the thought that he could change his mind the next day." (Dkt. 20 at 11.)  Even assuming the truth of Moncrief's affidavit, this Court agrees with the Magistrate Judge that Attorney Cicero's alleged statement was not coercive.

Upon de novo review as required by 28 U.S.C. §636(b)(1)(B), this Court finds that the state courts' determination that Petitioner was not denied effective assistance of counsel was not contrary to, and did not involve an unreasonable application of, clearly established Federal law. Nor was the determination "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The Court therefore **ADOPTS** the Report and Recommendation.  The petition for writ of habeas corpus is **DENIED**, this action is hereby **DISMISSED**, and the Clerk of Court is directed to enter judgment for Respondent.

**IT IS SO ORDERED.**


**/s/ Peter C. Economus  -  July 30, 2012**
**UNITED STATES DISTRICT JUDGE**

2